O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRACY LEE DOTSON, ) | |
| ) | |
| Petitioner, ) | Case No.  CV 14-6040-CAS(AJW) |
| ) | |
| v. ) | |
| ) | |
| INTERNAL AFFAIRS, ) | MEMORANDUM AND ORDER |
| ) | DISMISSING PETITION |
| Respondent. ) | |

    In 2007, petitioner was convicted of one count of assault with a deadly weapon.  As a result of his prior serious felony conviction, petitioner was sentenced to state prison for a term of nine years. [Petition at 2].  In 2009, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 2007 conviction.  CV 09-5743-CAS (AJW).  Petitioner alleged that he was actually innocent of the crime of assault with a deadly weapon and that he had received ineffective assistance of counsel.  The petition was dismissed on the merits on October 27, 2011. The Court of Appeals denied petitioner's request for a certificate of appealability.

    Petitioner filed the present petition for a writ of habeas corpus on August 1, 2014.  Like the petition previously filed by petitioner,

it challenges petitioner's 2007 conviction. [Petition at 2].[1]

A federal court must dismiss a second or successive petition that raises the same ground for relief as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground for relief unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and that those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

---

[1] Although it is not entirely clear, petitioner appears to be seeking an order requiring the Los Angeles Police Department to provide him with copies of Internal Affairs records. To the extent he does so, such a request does not amount to a challenge to the validity of his conviction, and is not cognizable in a habeas corpus action. See generally Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**It is so ordered.**

Dated: August 11, 2014

Christina A. Snyder
United States District Judge